# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:18-CR-00279-DGK-1 |
| MITCHELL BYRD, ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

Defendant Mitchell Byrd is charged in a five-count Third Superseding Indictment. ECF No. 29. Among the charges against him are possession with intent to distribute cocaine base (Count II), possession of a firearm in furtherance of a drug trafficking crime (Count III), being a felon in possession of a firearm (Count IV), and threatening a federal official (Count V). *Id*. Pending before the Court is Defendant's Motion in Limine to Exclude DNA Evidence. ECF No. 37.

Defendant seeks to exclude at trial any reference to the following evidence: collection of DNA evidence conducted on a bag of cocaine and a firearm found in the house where Defendant was arrested on September 20, 2018; collection of Defendant's DNA via a buccal swab on November 29, 2018; testing of this DNA evidence; and the results therefrom. ECF No. 37. Defendant argues that, because the results of the DNA testing were inconclusive,[1] "the DNA

---

[1] Genetic information found on swabs of the firearm was not suitable for comparison and the DNA analyst did not attempt to discern a genetic profile from the bag of cocaine because there was minimal genetic information on the bag. ECF No. 37, 46.

testing resulted in no probative evidence," and therefore "all reference to DNA collection[2] . . . , DNA testing and DNA results should be excluded." ECF No. 37.

Only relevant evidence, meaning evidence which has any tendency to prove or disprove a fact of consequence to the action, is admissible. Fed. R. Evid. 401, 402. To convict Defendant of possession with intent to distribute cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), the Government must prove that Defendant possessed of a mixture or substance containing a detectable amount of cocaine base. Likewise, to convict Defendant of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A)(i) and (c)(i), and of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the Government must prove that Defendant possessed a firearm. While evidence in this case regarding the DNA collection, testing, and results does not have a tendency to directly prove that Defendant possessed the firearm or the cocaine, it does have a tendency to prove that the Government thoroughly investigated whether Defendant possessed the firearm and cocaine. The reliability of the Government's investigation is a fact of consequence to this action, and evidence of the DNA collection, testing, and results is therefore relevant.

Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Date: August 10, 2021 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Defendant concedes that evidence regarding the Government's collection of Defendant's DNA on November 29, 2018 is relevant to Count V. ECF No. 37.