# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CR-00279-DGK-1 |
| MITCHELL BYRD, | ) ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTIONS IN LIMINE, ECF NOS. 35, 36, 38, 39

Defendant Mitchell Byrd is charged in a five-count Third Superseding Indictment. ECF No. 29. On the Government's motion, the Court has dismissed Count I of the indictment, and four counts remain. ECF No. 91. Pending before the Court are Defendant's remaining motions in limine, ECF No. 35, 36, 38, 39.

Regarding Defendant's Motion in Limine Regarding Ward Parkway Shooting, Defendant argues that all evidence related to the Ward Parkway shooting is irrelevant to this action and should be excluded. ECF No. 35. The Government has no objection. ECF No. 46. Defendant's motion is therefore GRANTED.

Regarding Defendant's Motion in Limine Regarding Sex Crimes, Defendant argues that all evidence regarding Defendant's potential sex crimes is irrelevant and prejudicial and should be excluded. ECF No. 36. The Government has no objection. ECF No. 46. Defendant's motion is therefore GRANTED.

Regarding Defendant's Motion to Limit Alternative Submission of Count Five, 18 U.S.C. § 115(a)(1)(B) requires the Government to prove that Defendant threatened to murder a federal law enforcement officer, or an official whose killing would be a crime under 18 U.S.C. § 1114,

with intent either to "impede, intimidate, or interfere with such . . . law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such . . . law enforcement officer on account of the performance of official duties . . . ." Defendant argues that, because a violation of 18 U.S.C. § 115(a)(1)(B) may be proven by showing either 1) intent to impede, intimidate or interfere or 2) intent to retaliate, rather than submit a single elements instruction to the jury referencing both mens reas, the Court should submit two elements instructions: one for intent to retaliate and a second, alternative instruction on intent to impede, intimidate, or interfere. ECF No. 38. The Government has no objection,[1] ECF No. 46, and Defendant's motion is therefore GRANTED.

Regarding Defendant's Motion in Limine Regarding Dates of Offenses, Defendant argues that jury instructions should require the jury to find that Defendant possessed cocaine (for Count II) and a firearm (for Counts III and IV) on September 20, 2018 specifically,[2] rather than "on or about" that date. ECF No. 39. While the Government agreed to submit proposed jury instructions requiring the jury to find Defendant possessed cocaine or a firearm on September 20, 2018, the case law is clear that "on or about" instructions are allowed by the Eighth Circuit. *United States v. Turner*, 189 F.3d 712, 721–22 (8th Cir. 1999); *United States v. Duke*, 940 F.2d 1113, 1120 (8th Cir. 1991). Defendant's motion is therefore DENIED at this time. The Court may revisit this issue at the jury instruction conference.

**IT IS SO ORDERED.**

Date: August 11, 2021           /s/ Greg Kays
                                                  GREG KAYS, JUDGE

---

[1] The Government's proposed jury instructions on Count V only include an instruction on intent to retaliate. Gov't's Proposed Jury Instr. at 44, ECF No. 87. If the Government wishes to submit an instruction on intent to impede, intimidate, or interfere to be submitted in the alternative, it should do so on or before August 13, 2021.

[2] Defendant also argues that, regarding Count I, jury instructions should require the jury to find that Defendant possessed cocaine on February 13, 2018, specifically. ECF No. 39. Because Count I has been dismissed, Defendant's motion is moot in regards to Count I.